HOLGER FOG, Petitioner, *v.* DISTRICT COURT OF
SAN JUAN, Respondent.

No. 1595. Argued May 21, 1945.—Decided June 22, 1945.

*H. Torres Solá* for petitioner. *E. Acosta Domenech* for interveners, plaintiffs in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The Municipal Court of Río Piedras rendered judgment sustaining the complaint in an action for recovery of wages, on February 8, 1945. The clerk of the court notified the defendant through his attorney, by mailing him a copy of the statement of the case and judgment, but without attaching the formal notice provided by § 1 of the Act of March 11, 1908, as amended by the Act of March 14, 1929 [1] regulating

---

[1] The provision contained in said Section reads as follows: "Provided, That in all cases where an appeal may be taken, as provided by this section, it shall be the duty of the secretary of the court to send to the aggrieved party,

appeals from judgments of municipal courts in civil actions. On February 16, 1945, the defendant filed a notice of appeal in the municipal court. Notwithstanding this, on February 20, the defendant filed in said court a motion wherein he stated that:

"3. The defendant now wishes to state to this Honorable Court that, although it appears that defendant has filed a notice of appeal from the judgment rendered herein, the fact is that the defendant has received no notice whatsoever of the judgment which pursuant to the law should be served on him by the Clerk of this Honorable Court; for, although it is true that the record in this case shows that the notice of judgment was signed by the Clerk of this Court, it is no less true that there is no showing therefrom that defendant has been served with said notice of judgment, for which reason it is not possible, even though defendant filed a notice of appeal on February 16, 1945, to compute the statutory period for appeal."

and he prayed that the clerk be ordered to serve notice of the judgment in order to enable the parties to compute the term for an appeal, and on that same day the judge of said court granted the motion and on February 20, 1945, the clerk notified the parties for the first time and filed with the record of the case a copy of said notice. On the next day, February 21, the defendant filed a second notice of appeal.

On March 6, 1945, the plaintiffs filed in the District Court of San Juan a motion to dismiss the appeal taken by the defendant on February 16, on the ground that pursuant to § 8 of Act No. 10 of November 14, 1917, as amended by Act No. 40 of April 17, 1935,[2] the appeal should be taken within

or to his attorney, upon the rendering of such appealable sentence or decision, written notice informing said aggrieved party that such sentence or decision has been rendered; and a copy of said notice shall be filed with the record of the case. The time for the filing of the appeal shall begin to be counted from the date on which such notice was filed."

[2] "Section 8.—(As amended by Act No. 40 of April 17, 1935.)—Any of the parties who may believe himself prejudiced by the judgment may take an appeal to the district court for the judicial district in which the municipal trial court is situate.

"The appeal shall be taken by filing with the secretary of the municipal

five days after service of the notice and, since the notice in the case at bar was served on February 8 and the appeal taken on February 16, the court lacked jurisdiction. After having heard the parties, the lower court, relying on *Angleró* v. *Trigo*, 48 P.R.R. 187, rendered judgment granting the motion and dismissing the appeal taken on February 16, 1945.[3] In order to review said order we issued the writ of certiorari herein.

██ *Angleró* v. *Trigo, supra,* cited by the lower court, is not applicable to the facts of the present case. Section 8 of Act No. 10 of 1917 was applied and construed in that case as it read before it was amended by Act No. 40 of 1935, which provided that "The appeal shall be taken by filing with the secretary of the municipal court within two days after *the rendition* of judgment a notice setting forth the intention of appealing, . . . "; and it was held that: " . . . the law on the subject prescribes that the appeal shall be taken by filing the notice of appeal with the secretary of the municipal court within two days from *the rendition* of the judgment and not from the date on which a notice of the judgment is entered in the record of the case." Furthermore, we applied the construction given by this court to § 11 of the Unlawful Detainer Act, prior to its amendment by Act No. 11 of 1929,[4] to the effect that the appeal should be taken within five days after the *rendition* of the judgment of unlawful detainer and not after the date of its *service.*

Here we are confronted with a different situation. Both the Unlawful Detainer Act and the Act for the recovery of wages have been amended, § § 11 and 8, *supra,* Notes 4 and

court *within five days after notice is given of the sentence,* a writing setting forth the intention of appealing and by delivering a copy of the said writing to the opposing party or to his representative or attorney." (Italics ours.)

[3] In said order no mention is made of the appeal taken on February 21.

[4] As amended, said Section reads thus: "Appeals shall be taken within a term of five (5) days counting from the date on which notice of the judgment was given to the parties prejudiced thereby, or to their attorneys, by the clerk of the corresponding court."

2, respectively, now provide that the term for appeal shall begin to run from the time of notification of the judgment. In *Vando* v. *Municipal Court, ante*, p. 6, wherein the question was raised as to which law was applicable in notifying a judgment in an unlawful detainer case, we held that it was the Act of March 11, 1908, § 1 of which, as amended by Act No. 2 of 1929, has been copied in its pertinent part in Note 1 of this opinion. Likewise, we are of the opinion that said Act is applicable to the appeals provided in § 8 of Act No. 10 of 1917, as amended in 1935, and consequently that the term of five days begins to run from the time when the clerk files a copy of the notice of judgment with the record of the case. We have no doubt that this was the intention of the Legislature in amending the Unlawful Detainer Act in 1929 as well as the Act for the recovery of wages in 1935.

 Did the appeal filed in this case on February 16, 1945, have any effect? In *Vázquez* v. *González*, 60 P.R.R. 702, after citing previous decisions, we ratified the doctrine that "the filing of an appeal constitutes a waiver of the notice of judgment by the appellant," and that, according to said decisions, "it was not necessary for the appellant to file a second notice of appeal. . . after having been notified of the judgment."

That being so, when the appellant filed in this case the first notice of appeal on February 16, 1945, on that date he waived his right to be notified of the judgment rendered by the municipal court and it may not be maintained that said appeal was untimely. The 5-day term following notification of the judgment never began to run, inasmuch as at no time prior to February 16 did the clerk of said court comply with his duty to notify the judgment and to file a copy of the notice with the record.

The legal situation is as follows: The defeated party may wait until the clerk notifies him of the judgment and informs him that he has filed with the record a copy of said notice, no matter how long a time has elapsed after the rendition

of the judgment,[5] and then he should file the notice of appeal within the statutory period; or he may, if he wishes, file his notice of appeal without waiting for said notification, in which case the filing of said notice of appeal shall constitute a waiver of said notification.

The order of March 29, 1945, rendered by the lower court should be annulled and the case remanded for further proceedings.

---

[5] In *Espósito* v. *District Court*, 43 P.R.R. 604, this court discharged a writ of certiorari on the ground that the challenged order was appealed and it was not until the case was remanded to the lower court that the clerk formally notified said final order to the parties. An appeal was taken therefrom and a dismissal sought and, in *Expósito* v. *Guzmán*, 44 P.R.R. 23, we held that: "The application for a writ of certiorari, of course, showed that the applicant was aware of the fact that the decision attacked had been rendered. It did not involve any waiver of the right to appeal from that decision nor of the right to await the mailing of a formal notice by the secretary and the filing of a copy of such notice as the step required by statute in order to start the running of the period within which an appeal might be taken. Appellant might have filed his notice of appeal at any time, without awaiting the action of the secretary, but he was not obliged to do so because by express statutory provision the time within which an appeal may be taken must be counted from the date of such action."